UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN,<br><br>   Plaintiff,<br><br>   v.<br><br>GALLAGHER BASSETT SERVICES, INC., ROBERT M. GUERNSEY,<br><br>   Defendants.<br>_____/ | No. C-11-05594 PJH (NJV)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO ROBERT GUERNSEY (Doc. No. 35)** |

## INTRODUCTION

Plaintiff the Board of Trustees of the National Elevator Industry Health Benefit Plan (the "Board") filed an action to recover funds paid to cover the medical expenses of defendant Robert M. Guernsey ("Guernsey"). When Guernsey did not respond to the complaint, the Board obtained entry of default against Guernsey, and subsequently moved for a clerk's judgment on default. Doc. Nos. 30 & 35. The district court concluded that a judicial officer should enter any judgment in this case because the motion papers suggested that the amount at issue might be in dispute, and referred the unopposed motion to the undersigned. Doc. No. 36.

The motion was heard on September 11, 2012. Guernsey did not appear. For the reasons stated below, the undersigned will recommend that the district court enter default judgment against Guernsey in the amount of $7,297.21.

## BACKGROUND

As is appropriate on a motion for default judgment, the facts of this case are taken from the complaint. Doc. No. 1. At all relevant times, Guernsey was a participant in the National Elevator

Industry Health Benefit Plan (the "Plan"). Doc. No. 1, ¶ 8. The Plan's governing documents include an express provision for the Plan's first priority right to any personal injury-related recovery received from third parties:

> Acceptance of benefits from the Plan for an injury or illness by a covered person constitutes an agreement that any amounts recovered from a third party by award, judgment, settlement or otherwise, and regardless of how the proceeds are characterized, shall promptly be applied first to reimburse the Plan, in full and without reduction for attorneys' fees or costs, for benefits paid due to such illness or injury.

*Id.*, Ex. A (attaching the "applicable provision[s] of the [Plan] for claims incurred during the relevant time frame") at 1. Guernsey was injured in a work-related incident on March 27, 2003. *Id.*, ¶ 9. The Plan paid $7,297.21 in medical benefits on Guernsey's behalf in 2004 and 2005. *Id.*, ¶ 10. Guernsey filed a workers' compensation claim and subsequently settled the claim. *Id.*, ¶¶ 12 & 13. (Although the complaint alleges that Guernsey received $52,000 in compensation for his claim, in its motion for default judgment, the Board represents Guernsey settled his claim for $20,000 on or about August 24, 2010. Doc. No. 35-1 at 1.) Part or all of these settlement proceeds remain in Guernsey's actual or constructive possession. *Id.*, ¶ 14. Guernsey has failed to reimburse the Plan the funds it paid on his behalf, despite the Plan's request for such reimbursement. *Id.*, ¶ 15. His failure to turn over the funds violates the terms of the Plan. *Id.*, ¶ 20. The Board is a fiduciary of the Plan and is authorized to bring this action. *Id.*, ¶ 1.

## DISCUSSION

### A. Legal Standards

After entry of default, the court may enter a default judgment. Fed. R. Civ. P. 55(b). The decision to grant or deny a default judgment is within the court's discretion. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The court first must look into its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The court also "must assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, 2000 U.S. Dist. LEXIS 19065, *2 (N.D. Cal. Jan. 2, 2001).

Once the court determines that jurisdiction exists and service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon default, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 599 F.2d 557, 560 (9th Cir. 1977)). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**B. Analysis**

**1.   Subject Matter And Personal Jurisdiction Exist.**

The complaint alleges an ERISA violation under 29 U.S.C. § 1132(a)(3), and the district court therefore has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1001. *See ACS Recovery Services v. Kaplan*, 2009 U.S. Dist. LEXIS 122710 (Dec. 17, 2009) (plaintiff seeking to enforce reimbursement provision in policy governed by ERISA and recover portion of medical benefits paid out on defendant's behalf by establishing equitable lien and/or constructive trust on defendant's settlement proceeds may seek relief in federal court under 29 U.S.C. § 1132(a)(3)). Guernsey is located in this district (Doc. No. 35-2, ¶ 3) and therefore is subject to the district court's personal jurisdiction. *See* 29 U.S.C. § 1132(e)(2) (ERISA enforcement action may be brought in federal district "where a defendant resides or may be found"); *see also ACS*, 2009 U.S. Dist. LEXIS at *9.

**2.   Service of Process Was Adequate.**

Delivering a copy of the summons and complaint to the individual being sued is an adequate means of serving process on that individual. *See* Fed. R. Civ. P. 4(e)(2)(a). The proof of service the Board filed with the court establishes that a professional process server personally delivered the summons and complaint to Guernsey on March 8, 2012. Doc. No. 18. In addition, the Board

3

1 represents that after reasonable investigation, its attorneys determined that Guernsey is not a minor,
2 incompetent to handle his own affairs, nor a member of the military. *See* Doc. No. 35-2 at ¶ 8; Doc.
3 No. 29-1 at ¶¶ 5 & 6. Service of process on Guernsey was adequate.

### 3. The *Eitel* Factors Favor Default Judgment.

#### a. Possibility of Prejudice

The complaint alleges that the Plan paid $7,297.21 in benefits for Guernsey's medical care. Pursuant to the Plan's reimbursement provision, Guernsey agreed to reimburse the Plan for these expenditures in the event he recovered funds due to his injury. Guernsey recovered at least $20,000 in settlement of the workers' compensation claim he filed in connection with his injury. Of that settlement, $7,297.21 is owed to the Plan, but Guernsey has failed to turn over the funds to the Plan. The Board, as fiduciary of the Plan, would be prejudiced absent entry of default judgment because it will be left without a remedy to collect the funds the Plan is owed. The first *Eitel* factor favors default judgment.

#### b. & c. Merits of the Claims and Sufficiency of the Complaint

The complaint asserts a single cause of action entitled "equitable lien on settlement proceeds" pursuant to 29 U.S.C. § 1132(a)(3). The undisputed allegations of the complaint establish that, under the terms of the Plan, the Plan has an equitable lien against any funds Guernsey received in settlement of his workers' compensation claim and that it is entitled to reimbursement of the funds it expended to cover Guernsey's medical benefits. The Board requests an "order imposing a constructive trust and/or equitable lien," and also a turn over order for the funds. *See* Doc. No. 1, Prayer for Relief, ¶ (b) & ¶ 21. In *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 362-66 (2006), the United States Supreme Court reiterated that under 29 U.S.C. § 1132(a)(3), constructive trusts and equitable liens are equitable remedies specifically available to plaintiffs seeking to recover funds owed to them in these circumstances. The Board here can "rely on a 'familiar rule of equity' to collect for the medical bills [the Plan] paid on" Guernsey's behalf, and it can "'follow' a portion of the recovery into [Guernsey's] hands . . . as soon as the settlement fund was identified' and impose on that portion a constructive trust or equitable lien." *Id.* at 364 (quoting *Barnes v. Alexander*, 232 U.S. 117, 121-23 (1914)). Because the reimbursement provision in the

1  Plan gave rise to an equitable lien by agreement, the Board need not strictly trace the settlement
2  funds, and the lien will continue to attach even if the funds have been converted to other property.
3  *Id.* at 363-65; *see also Mayhew v. Hartford Life and Accident Ins. Co.*, 822 F. Supp. 2d 1028, 1032
4  (N.D. Cal. 2011) (applying *Sereboff* to deny motion to dismiss). The Board has met its burden of
5  establishing it is entitled to equitable relief by specifically identifying the funds, distinct from
6  Guernsey's general assets, from which reimbursement will be taken and specifying the share to
7  which it is entitled. *See Aetna Life Ins. Co. v. Kohler*, 2011 U.S. Dist. LEXIS 126841, *15 (N.D.
8  Cal. Nov. 2, 2011) (applying *Sereboff* requirements and granting motion for summary judgment).
9  The second and third *Eitel* factors also favor default judgment.

          d.  Amount of Money at Stake

11  When the sum of money at issue is reasonably proportionate to the harm caused by the
12  defendant's actions and supported by proper documentation and evidence in the record, default
13  judgment is appropriate. *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12
14  (N.D. Cal. May 29, 2007). The complaint alleges that the Plan paid medical benefits in the amount
15  of $7,297.21 on Guernsey's behalf. Attached to the motion for default judgment is the declaration
16  of Samuel Schardein, who reviewed the benefit payments made to Guernsey under the Plan.
17  Schardein declares that the Plan extended benefits to Guernsey in the amount of $7,571.95, and he
18  attaches a copy of the Consolidated Statement of Benefits extended to Guernsey. Doc. No. 35-3 ¶ 4
19  & Ex. A. The Consolidated Statement establishes that the Plan paid $7,240.50 on Guernsey's behalf
20  in 2004-2005, $21.23 on his behalf in 2008, and $310.18 on his behalf in 2011, disbursing a total of
21  $7,571.95 in medical benefits on behalf of Guernsey. *Id.*

22  The undersigned will address the precise amount of the judgment below, but concludes that
23  the amount of that the Board requests in its complaint (1) is supported by proper documentation; and
24  (2) is reasonably proportionate to the harm caused by Guernsey's failure to abide by the Plan's
25  reimbursement provision. This *Eitel* factor weighs in favor of default judgment.

e.  Possibility of Dispute Concerning Material Facts

Although Guernsey has not filed an answer to the complaint or opposed the motion for default judgment, the Plan description and the declarations[1] of Minh Hoang and Samuel Schardein demonstrate that the possibility of dispute concerning the material facts of the complaint is small. *See* Doc. No. 1, Ex. A; Doc. No. 35, Exs. A & B.  This factor also weighs in favor of default judgment.

f.  Whether Default was Due to Excusable Neglect

The Board personally served Guernsey with the summons and complaint on March 8, 2012. Guernsey did not make an appearance or participate in any manner in this action.  There is no indication that Guernsey has a valid reason for failing to respond to the complaint.  The Board also served Guernsey with a copy of its Motion for Default Judgment, but he failed to respond to the Motion or appear at the hearing on the Motion. *See* Doc. No. 39.  This suggests that the possibility that default resulted from Guernsey's excusable neglect is small.  This *Eitel* factor also weighs in favor of default judgment.

g.  Policy for Deciding on the Merits

The Federal Rules favor a decision on the merits whenever possible (*Eitel*, 782 F.2d at 1472), and thus this factor by definition weighs against granting default judgment.  But where a defendant fails to respond to a complaint, a decision on the merits is impractical, if not impossible. Ultimately, the preference to decide the cases on the merits does not preclude a court from granting default judgment. *See, e.g.*, *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**4.  The Board Has Established Its Entitlement To A Judgment In The Amount Of $7,297.21.**

The undersigned finds that the Board has established its entitlement to be reimbursed by Guernsey in the amount of $7,297.21.  The Consolidated Statement of Benefits attached to the motion for default judgment establishes that the Plan paid benefits in excess of this amount for

---

[1] The motion references an Affidavit of Jo Anne Cash (Doc. No. 35 at 2).  Counsel explained at the hearing that the reference was the result of a typographical error and that no such affidavit was filed in connection with this motion.

6

services Guernsey incurred between December 2004 and July 2011. *See* Doc. No. 35-4. The Board represents that the lien has ben recalculated since it filed the complaint, and that it now stands at $7,571.95. However, pursuant to Federal Rule of Civil Procedure 54(c), the Board may not recover an amount in excess of that alleged in the complaint. Because the complaint only alleges that the Plan made contributions amounting to $7,297.21, the Board is limited to obtaining a judgment in that amount, notwithstanding the fact that the Board has recalculated the lien to a higher amount.

Pursuant to 29 U.S.C. § 1132(a)(3), a plaintiff in this type of ERISA action is limited to pursuing equitable remedies. Thus, the Board will only be able to collect its judgment by imposing an equitable lien or a constructive trust on the settlement funds Guernsey received in the workers' compensation action.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that:

(1) the Motion For Default Judgment be granted;

(2) judgment be entered for the Board and against Guernsey in the amount of $7,297.21; and,

(3) pursuant to 29 U.S.C. § 1132(a)(3), the Board collect this judgment from Guernsey by imposing an equitable lien or a constructive trust in that amount on the funds Guernsey received to settle his workers' compensation claim.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

Dated: September 19, 2012

Nandor J. Vadas
United States Magistrate Judge